# EXHIBIT A

# EXHIBIT A

# DISTRICT COURT CIVIL COVER SHEET  A-15-717757-C

_____County, Nevada

Case No. _____  XXXI
(Assigned by Clerk's Office)

## I. Party Information (provide both home and mailing addresses if different)

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| RUSSELL SCHILLEREFF | THOMAS MANAGEMENT CORPORATION |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| JOSHUA M. SANTERAMO, ESQ.<br>SCHEUTZE & McGAHA, P.C.<br>601 S. Rancho Drive, Suite C-20<br>Las Vegas, Nevada 89106 | |

## II. Nature of Controversy (please select the one most applicable filing type below)

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant**<br>☐ Unlawful Detainer<br>☐ Other Landlord/Tenant<br>**Title to Property**<br>☐ Judicial Foreclosure<br>☐ Other Title to Property<br>**Other Real Property**<br>☐ Condemnation/Eminent Domain<br>☐ Other Real Property | **Negligence**<br>☐ Auto<br>☐ Premises Liability<br>☐ Other Negligence<br>**Malpractice**<br>☐ Medical/Dental<br>☐ Legal<br>☐ Accounting<br>☐ Other Malpractice | **Other Torts**<br>☐ Product Liability<br>☐ Intentional Misconduct<br>■ Employment Tort<br>☐ Insurance Tort<br>☐ Other Tort |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** (select case type and estate value)<br>☐ Summary Administration<br>☐ General Administration<br>☐ Special Administration<br>☐ Set Aside<br>☐ Trust/Conservatorship<br>☐ Other Probate<br>**Estate Value**<br>☐ Over $200,000<br>☐ Between $100,000 and $200,000<br>☐ Under $100,000 or Unknown<br>☐ Under $2,500 | **Construction Defect**<br>☐ Chapter 40<br>☐ Other Construction Defect<br>**Contract Case**<br>☐ Uniform Commercial Code<br>☐ Building and Construction<br>☐ Insurance Carrier<br>☐ Commercial Instrument<br>☐ Collection of Accounts<br>☐ Employment Contract<br>☐ Other Contract | **Judicial Review**<br>☐ Foreclosure Mediation Case<br>☐ Petition to Seal Records<br>☐ Mental Competency<br>**Nevada State Agency Appeal**<br>☐ Department of Motor Vehicle<br>☐ Worker's Compensation<br>☐ Other Nevada State Agency<br>**Appeal Other**<br>☐ Appeal from Lower Court<br>☐ Other Judicial Review/Appeal |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ**<br>☐ Writ of Habeas Corpus<br>☐ Writ of Mandamus<br>☐ Writ of Quo Warrant | ☐ Writ of Prohibition<br>☐ Other Civil Writ | **Other Civil Filing**<br>☐ Compromise of Minor's Claim<br>☐ Foreign Judgment<br>☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet*

April 29, 2015
_____
Date

_____
Signature of initiating party or representative

*See other side for family-related case filings.*

Nevada AOC - Research Statistics Unit
Pursuant to NRS 3.275

Form PA 201
Rev 3.1

Electronically Filed
04/30/2015 02:24:08 PM

CLERK OF THE COURT

**WILLIAM W. McGAHA, ESQ.**
Nevada Bar #3234
**JOSHUA SANTERAMO, ESQ.**
Nevada Bar #12086
**SCHUETZE & McGAHA, P.C.**
601 S. Rancho Drive, Suite C-20
Las Vegas, Nevada 89106
Fax: (702) 369-2110
Attorneys for Plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| RUSSELL SCHILLEREFF, an individual<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS MANAGEMENT CORPORATION, a Foreign Corporation; DOES I through X inclusive, and ROES CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | Case No: A-15-717757-C<br>XXXI<br>**COMPLAINT FOR:**<br><br>1. Retaliation in Violation of the Nevada Industrial Insurance Act;<br><br>2. Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (as amended), and the American With Disabilities Act (ADA);<br><br>3. Retaliation in Violation of the ADA:<br><br>4. Discrimination and Retaliation In Violation of NRS 613.330, et. al;<br><br>5. Intentional Infliction of Emotional Distress; and<br><br>6. Negligent Hiring, Training, and Supervision<br><br>**[DEMAND FOR JURY TRIAL]** |

**COMES NOW**, Plaintiffs, RUSSELL SCHILLEREFF, by and through his attorneys of record, **WILLIAM W. McGAHA, ESQ.**, and **JOSHUA SANTERAMO, ESQ.**, of the law offices of **SCHUETZE & McGAHA, P.C.**, and for causes of action against Defendants, and each of them, allege as follows:

///

///

Page 1 of 13

## I.

## **PARTIES**

1. Russell Schillereff ("Plaintiff") was an individual employed by Thomas Management Corporation ("Thomas Cuisine"). Plaintiff was at all times during his employment with Defendant a resident of the County of Clark, State of Nevada.

2. Defendant Thomas Cuisine was and is a corporation doing business in the County of Clark, State of Nevada. Thomas Cuisine's main office was and is located at 640 E Franklin Road, Meridian, ID 83642.

3. Upon information and belief, and at all times relevant hereto, the identities of the Defendants named and/or fictitiously named as DOES I through X and ROES CORPORATIONS XI and XX, are all entities doing business as Thomas Cuisine, and/or other names, and each of them were individuals, partnerships, companies, corporations, or other entities that by reason of such relationships with Defendants, and each of them, are jointly and severally responsible and liable for the damages alleged herein. The true names and capacities whether individual, corporate, associate or otherwise of Defendants DOES I through X and ROES CORPORATIONS XI and XX, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore, alleges that each Defendant herein designated as a DOE or ROE is legally responsible in some manner for the events and happenings herein referred to and proximately caused the injury and damages alleged herein. Plaintiff is informed and believes and thereon alleges that DOES I through X and ROES CORPORATIONS XI and XX, inclusive, are residents and citizens of the State of Nevada or are corporations doing business in the State of Nevada. Plaintiff is informed and believes and thereon alleges that Defendants participated in, ratified and/or condoned the acts complained of in Plaintiff's Complaint and the subject matters of this action. Therefore, Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their true identities become known.

///

///

## II.

## **FACTUAL ALLEGATIONS**

4. Plaintiff was hired by Defendant Thomas Cuisine on or around October 11, 2013 as a chef in Las Vegas, Nevada.

5. Plaintiff was injured while on work duty on December 13, 2013, sustaining knee and low back injuries.

6. Immediately after the injury, Plaintiff sought treatment at Desert Springs Hospital and completed a C-4 Form to open a worker's compensation case.

7. Plaintiff was diagnosed with a meniscus tear in the knee that would later require surgery.

8. Plaintiff also has herniated disks in his low back, which have not resolved to date, and he has been recommended for surgery.

9. Thomas Cuisine, through Craig Richey (Human Resource Director), acknowledged notice of the injury and requested that a "Return-to-Work Evaluation" be completed.

10. In Richey's December 13, 2013 letter, Thomas Cuisine also stated that it could "provide modified/transitional duty from the sedentary range up to modifications of the employee's regular position" so that Plaintiff could return to work while completing treatment.

11. John Nault (Safety Specialist) for Defendant also contacted Plaintiff by email on December 18, 2013 to acknowledge the workplace injury and asked for "Return-to-Work-Evaluations" to be completed if a modified work release was necessary.

12. Under information and belief, Thomas Cuisine has provided modified work duty at the sedentary range to individuals who worked with Plaintiff and/or at his location prior to his injury.

13. Plaintiff's doctor completed two different "Return-to-Work Evaluation Forms" on December 19th and 31st, updating his treatment progress and current physical capabilities. Plaintiff was not yet released to work at this time.

///

14. Thomas Cuisine was also closed during this period of time at the end of December for the holiday schedule.

15. Plaintiff kept in contact with John Nault, Craig Richey, and Greg Anderson (Vice President and Food and Beverage Manager) during this time regarding his work status by phone and text.

16. On January 7, 2014, Mark Rosen, M.D. released Plaintiff back to work with light duty restrictions that Defendant had the ability to accommodate.

17. Employers Assurance Company accepted the claim relevant to the knee and low back on January 8, 2014, Claim # 2013219435.

18. On January 8, 2014, Plaintiff also received a notice from InfiniSource that his employment had been terminated January 6, 2014, and that he would need to continue health insurance coverage under COBRA.

19. No one had contacted Plaintiff prior to receiving the InfiniSource letter to notify him that he had been terminated.

20. On January 8th, Plaintiff called Craig Richey to ask why he had been terminated and that he was released back to work on light duty on January 7th. His work restrictions included: no carrying, no pushing, no stooping, no climbing, and no pulling.

21. Richey claimed that "Nevada is a right to work state" and that Defendant could do "what it wants" with Plaintiff's employment.

22. Richey also stated that he did not need to place Plaintiff on light duty.

23. Plaintiff also contacted Greg Anderson, who informed him that he had already been replaced.

24. Plaintiff was terminated right before he was scheduled to be promoted to Executive Chef, which included a salary increase to $55,000.00 per year with potential bonuses that could push his earning potential up to $70,000.00 per year.

25. According to Thomas Cuisine's legal representatives, Defendant claims that the decision to officially terminate Mr. Schillereff was not made until on or after his January 28, 2014 doctor's evaluation.

26. Defendant also claims, through legal representatives, that no employee is allowed back into "kitchen work" until fully released with no restrictions. This representation is made in spite of the December 13th letter to the contrary, and the fact that Plaintiff has worked with individuals who had modified duty at his location.

27. After Plaintiff obtained counsel, Plaintiff was contacted by his immediate supervisor, Greg Zamora, on at least two different occasions in February 2014 from a blocked number.

28. During the conversations, Zamora accursed Plaintiff of "costing Thomas Cuisine" money, that he would make sure Plaintiff is blacklisted in Las Vegas, and that if Zamora saw Plaintiff again, he would physically assault and beat him.

29. Under information and belief, Defendant has also attempted to challenge Plaintiff's worker's compensation benefits by falsely notifying Employers Assurance Insurance that Plaintiff had a prior injury related to the injury complaints in claim # 2013219435.

30. Defendant, eventually, offered Plaintiff light duty work after a demand for compensation was sent by Plaintiff's counsel. However, Plaintiff had to refuse said work due to the threats made by Zamora and fear for his safety.

31. The subsequent offer of light duty work is a concession by Thomas Cuisine that light duty work was always available at Plaintiff's location.

32. On October 15, 2014, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Las Vegas Local Office and the Nevada Equal Rights Commission alleging violations of disability harassment and discrimination under the ADA, and retaliation. Plaintiff was issued a Notice of Right to Sue. Please see attached **"Exhibit 1"**, Notice of Right to Sue.

33. As a result of her termination and initial denial of her workman's compensation, Plaintiff has suffered lost wages and other financial harm, emotional distress and depression, and had her treatment significantly delayed.

///

///

## III.

## FIRST CAUSE OF ACTION

### (Retaliation In Violation of the Nevada Industrial Insurance Act)

34. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

35. The Nevada Supreme Court has recognized a cause of action for "tortious discharge," which arises out of the employer-employee relationship but is not dependent on a contract of continued employment. The essence of a tortious discharge is the wrongful, usually retaliatory, interruption of employment by means which are deemed to be contrary to the public policy of this state. D'Angelo v. Gardner, 107 Nev. 704 (Nev. 1991).

36. That the Nevada Supreme Court has also recognized a cause of action for "tortious discharge" in violation of public policy when an employee is retaliated against by an employer for pursuing his or her rights under the Nevada Industrial Insurance Act. Hansen v. Harrah's, 100 Nev. 60 (Nev. 1984).

37. Defendant Thomas Cuisine retaliated against Plaintiff in violation of the Nevada Industrial Insurance Act by taking adverse employment action against Plaintiff, including but not limited to fabricating reasons for not providing light duty work, terminating his employment without any notice, misrepresenting facts regarding his medical history to Employers Assurance Company, and threatening him with violence for pursuing legal remedies, in addition to other retaliatory acts.

38. As a direct and proximate result of Defendants' unlawful, discriminatory conduct, Plaintiff suffered financial harm, lost wages, loss of earning capacity, loss of employment, and severe physical and emotional distress for which he claims all available categories of damages, including compensatory and punitive damages from Defendant(s).

39. The above described acts of Defendant(s) were intentional, deliberate, willful, malicious, reckless and done with a conscious disregard for the harm caused to Plaintiff and her protected rights, and justify punitive damages.

/ / /

40. Plaintiff is entitled to all legal and equitable remedies available under <u>D'Angelo v. Gardner</u>, 107 Nev. 704 (Nev. 1991), the Nevada Industrial Insurance Act, <u>Hansen v. Harrah's</u>, 100 Nev. 60 (Nev. 1984) and its corresponding case line, as a result of the retaliation suffered as a direct result of Defendants' conduct.

41. As a further result of Defendant(s) above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

## IV.

## SECOND CAUSE OF ACTION

### (Unlawful Employment Practices: Discrimination on the Basis of Disability Against the Defendant Employer)

42. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

43. Plaintiff belongs to the class of individuals protected by Title I of the Americans with Disabilities Act (ADA).

44. Plaintiff is an "employee" of Defendant Thomas Cuisine as defined by the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq. ("ADA") for the purposes of this action.

45. Defendant Thomas Cuisine, at all times pertinent, is an employer as defined by the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq. ("ADA") and applicable laws cited herein.

46. That Defendant Thomas Cuisine employed 15 or more employees during the time material to this Complaint.

47. Under the ADA and applicable laws cited herein, Defendant Thomas Cuisine has a duty to not treat an applicant or employee less favorably because she has a history of a disability, or because she is believed to have a physical or mental impairment. The law requires an employer to provide reasonable accommodations to an employee or job applicant with a disability, unless doing so would cause significant difficulty or expense for the employer

("undue hardship"). Further, the law forbids discrimination when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, and any other term or condition of employment. Plaintiff has the same rights in every State, among other things, to the full and equal benefit of the laws and proceedings for the security of persons and property as enjoyed by all citizens, and shall, among other things, be subject to like exactions of every kind, and to no other.

48. That Plaintiff suffered from a covered disability in one (or all) of three ways:

(a) Plaintiff was disabled by way of a physical condition that substantially limited a major life activity, including walking, standing, working, and carrying;

(b) Plaintiff has a medically documented physical disability related to his back and knee; and

(c) Plaintiff has suffered from a physical disability that lasted more than six months and was not minor in nature, ultimately requiring surgical intervention.

49. That Defendant Thomas Cuisine also regarded Plaintiff has having said disability.

50. That Plaintiff placed Thomas Cuisine on notice in December 2013 of his injuries and disability, and provided corroborating documentation from he was under care of a physician.

51. That once put on notice of Plaintiff's injury, Defendant Thomas Cuisine failed to engage Plaintiff in any sort of formal or informal interactive process as required under the ADA and applicable laws cited herein before unilaterally terminating Plaintiff without notice.

52. That Defendant Thomas Cuisine could have allowed Plaintiff to work with reasonable accommodations that would not have caused an undue hardship had it engaged Plaintiff in an interactive formal or informal process, including providing time off and light duty accommodations, which were approved by his doctor on January 7, 2014.

///

53. Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) against Thomas Cuisine alleging discrimination and harassment based on disability, in addition to retaliation.

54. The conduct of Defendant Thomas Cuisine described in this Complaint constitutes unlawful discrimination in violation of the Americans with Disabilities Act (ADA).

55. As a direct and proximate result of Thomas Cuisine's unlawful, discriminatory conduct, Plaintiff suffered financial harm, lost wages, loss of earning capacity, loss of employment, and severe physical and emotional distress for which he also claims compensatory and punitive damages. The above described acts of CISN were intentional and done with a conscious disregard for Plaintiff's protected rights.

56. As a further result of Thomas Cuisine's above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

## VI.

## THIRD CAUSE OF ACTION

### (Retaliation in Violation of the ADA)

57. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

58. Defendant Thomas Cuisine retaliated against Plaintiff in violation of the ADA for requesting light duty accommodations and obtaining counsel by taking adverse employment action against Plaintiff, including but not limited to fabricating reasons for not providing light duty work, terminating his employment without any notice, misrepresenting facts regarding his medical history to Employers Assurance Company, and threatening him with violence for pursuing legal remedies, in addition to other retaliatory acts.

59. As a direct and proximate result of Defendant's unlawful, discriminatory conduct, Plaintiff suffered financial harm, lost wages, loss of earning capacity, loss of employment, and severe physical and emotional distress for which she claims all available damages, including compensatory and punitive damages from Defendant(s).

60. The above described acts of Defendant(s) was intentional, deliberate, willful, malicious, reckless and done with a conscious disregard for the harm caused to Plaintiff and his protected rights, and justify punitive damages.

61. Plaintiff is entitled to all legal and equitable remedies available under the ADA as a result of the retaliation suffered as a direct result of Thomas Cuisine's conduct.

62. Thomas Cuisine retaliated against Plaintiff because Plaintiff opposed that which he reasonably and in good faith believed to be unlawful discrimination in his employment.

63. As a further result of Defendant(s) above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

## VI.

## FOURTH CAUSE OF ACTION

**(Disability Discrimination, and Retaliation Pursuant to NRS 613.330, et. al)**

64. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

65. The above discrimination, harassment and retaliatory termination by Defendant constitutes unlawful discriminatory employment practices under the Nevada Equal Employment Opportunity Act, NRS 633.310 et seq.

66. As a direct and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages for the loss of income, false accusations, mental anguish and violation of his rights unless and until the Court grants relief.

67. Plaintiff has had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

## VII.

## FIFTH CAUSE OF ACTION

**(Intentional Infliction fo Emotional Distress Against the Defendant Employer)**

68. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

69. The aforementioned conduct of Thomas Cuisine, their agents, employees, and/or representatives, was extreme and outrageous and done for the purpose of injuring Plaintiff.

70. The conduct of Thomas Cuisine, their agents, employees, and/or representatives, was intentional, willful, malicious and outrageous, and therefore, constitutes and intentional infliction of emotional distress to Plaintiff. This is with particular respect to the phone calls placed by Zamora threatening physical violence against the Plaintiff.

71. As a direct and proximate result of Thomas Cuisine's conduct, Plaintiff suffered severe emotional distress which caused and will continue to cause the Plaintiff extreme mental and nervous pain and suffering.

72. As a direct and proximate result of Thomas Cuisine's acts and conduct, Plaintiff incurred and continues to incur loss of earnings, and loss of enjoyment of life, all to said Plaintiff's general damages in an amount to be determined, according to proof at the time of trial.

73. That Thomas Cuisine's conduct constitutes intentional, malicious, willful and wanton acts, thereby entitling Plaintiff to punitive damages according to proof to be determined at the time of trial.

74. As a further result of Thomas Cuisine's above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

## X.

## SIXTH CAUSE OF ACTION

### (Negligent Hiring, Supervision, and/or Training of Employees)

75. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

76. Defendant should have known of the propensity of its supervisors and its employees to cause emotional and financial injury to employees, and therefore has knowledge of their potentially harmful effect upon employees.

77. Defendant should have been aware that its employees and supervisors are creating a situation, which places Plaintiff in danger of having his rights violated. Because of this awareness, Defendant should have taken protective measures to stop its employee's and supervisors' illegal conduct toward Plaintiff, specifically regarding the retaliatory actions taken against Plaintiff after he was terminated and obtained counsel to pursue his legal rights.

78. Defendant knew or should known that the conduct of its employees and supervisors, agents and employees might result in a violation of employee's rights. Defendant failed to institute sufficiently effective training programs, which may have identified its supervisors' and employees' illegal conduct and prevented further recurrences of discrimination or harassment.

79. Defendant failed to properly supervise and restrain its agents, supervisors and employees from their illegal discriminatory conduct, and then retaliated against Plaintiff when he attempted in good faith to assert his legal rights.

80. Defendant created an atmosphere whereby discrimination is allowed to pervade and in which the ire of its agents, supervisors and employees was raised, knew that its agents, supervisors and employees might cause emotional and financial injury to a fellow employee and thereby authorizes and ratifies such unlawful and tortuous discriminatory conduct toward Plaintiff.

81. As a result of each supervisor's, employee's and agent's conduct and based upon the responsibility of Defendant, Plaintiff has suffered damages and suffered special, compensatory and punitive damages in an amount subject to proof at trial.

82. Plaintiff has had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

**WHEREFORE**, Plaintiff requests relief as follows:

1. Back pay, front pay, benefits, statutory and other recoverable damages as allowed by all applicable laws cited herein;
2. Injunctive relief prohibiting future retaliation and enjoining present discrimination;
3. Punitive damages;

4. Attorney's fees and costs pursuant to all applicable laws cited herein;

5. For past and future damages in excess of $10,000.00;

6. For pre-judgment and post-judgment interests; and

7. For such other and further relief as the Court deems proper.

**DATED** this 29 day of April, 2015.

                **SCHUETZE & McGAHA, P.C.**

                By _____
                **WILLIAM W. McGAHA, ESQ.**
                Nevada Bar #3234
                **JOSHUA SANTERAMO, ESQ.**
                Nevada Bar #12086
                601 S. Rancho Drive, Suite C-20
                Las Vegas, Nevada 89106
                Attorney for Plaintiff

# EXHIBIT 1

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Russell Schillereff<br>8758 Tom Noon Ave<br>Apt #101<br>Las Vegas, NV 89178 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 551-2015-00164 | Jake B. DeMarco,<br>Intake Supervisor | (702) 388-5013 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Amy Burkholder* (signature)

Amy Burkholder,
Local Office Director

JAN 3 0 2015
*(Date Mailed)*

Enclosures(s)

cc:
Joshua M. Santeramo, Esq.
SCHUETZE & MCGAHA,
P.C. ATTORNEYS AT LAW
601 South Rancho Drive
Suite C-20 Las Vegas, NV 89106

THOMAS CUISINE MANAGEMENT
6883 Spencer St.
Las Vegas, NV 89119